

**ENTERED**
**10/27/2014**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE )<br>)<br>KATHY BROWN, )<br>)<br>    Debtor )<br>) | CASE NO. 14-33058-H3-13 |

<u>MEMORANDUM OPINION</u>

      Came on for hearing the "Motion to Avoid the Judicial Lien On Real Property Under 11 U.S.C. § 522(f)(1)(A)" (Docket No. 28) and after consideration of the opposition filed thereto (Docket No. 43) by Jimmy Roberts dba City Auto Sales, the testimony, evidence, docket, file and pleadings therein, the court makes the following findings of fact and conclusions of law granting the motion.  A separate Judgment will be entered in conjunction with these findings of fact and conclusions of law.  To the extent any of the findings of fact are considered to conclusions of law, they are adopted as such.  To the extent any of the conclusions of law are considered findings of fact, they are adopted as such.

      Findings of Fact

      1.   Kathy Brown, Debtor, is the owner of certain real property located at 2110 19th Avenue North, Texas City, Texas, 77590 ("real property").

2. Debtor filed Chapter 13 on May 31, 2014. The meeting of creditors was conducted on July 23, 2014. The last day to object to the Debtors' claimed exemptions was August 22, 2014.

3. The Debtor's interest in the property is exempt as it is her homestead, she claimed the Texas state exemptions to which she was entitled under 11 U.S.C. § 522(b)(3), and no objections were made to her claim. Schedules of Debtor, Docket Nol 20.

4. Jimmy Roberts dba City Auto Sales ("Roberts") obtained a judgment against the Debtor in Case No. J50110141, Justice of the Peace 5-1, Galveston, County, Texas. Thereafter, an abstract of judgment was filed in the Deed Records of Galveston County, Texas.

5. The abstract of judgment creates a judicial lien against this real property and impairs the Debtor's exemption under 11 U.S.C. § 522(b). Debtor requests that the court avoid the judicial lien pursuant to section 522(f)(1)(A).

6. Roberts opposes the Debtor's request on the basis that the real property was not Debtor's current address and if so, the Debtor's homestead exemption claim may not be valid. Docket No. 43.

7. Debtor testified that the real property was purchased in 2006 and that she and her four children have lived there since that time. Debtor testified that she has not moved or vacated the real property at anytime since it was purchased. She

also testified that the real property is in her name and is not mortgaged. Debtor testified that the real property qualifies for a homestead exemption in connection with her property tax assessment by the Galveston Central Appraisal District. Testimony of Debtor.

      8. No evidence in support of Roberts' contentions was submitted. Having considered the above, the court concludes that the Debtor is entitled to avoid the judicial lien of Roberts.

### Conclusions of Law

      1. Section 522(f)(1) of the Bankruptcy Code provides, in relevant part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled...if such lien is (A) a judicial lien."

      2. A judicial lien is defined in section 101(37) of the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

      3. Section 522(f)(2)(A) of the Bankruptcy Code provides that a lien shall be considered to impair an exemption to the extent the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property, exceeds the value that the debtor's interest in the property would have in the absence of any liens.

      Based upon the foregoing findings of fact and conclusions of law, a separate Judgment will be entered avoiding the judicial

lien of Jimmy Roberts dba City Auto Sales.

SIGNED at Houston, Texas this 28th day of October, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE